AMALGAMATED LOCAL No. 806 OF THE UNITED AUTOMOBILE
WORKERS OF AMERICA, Respondent, vs. WISCONSIN
EMPLOYMENT RELATIONS BOARD and another, appellants.*

*April 8—June 10, 1947.*

For the appellant Wisconsin Employment Relations Board there were briefs by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the appellant Trackson Company there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Leon B. Lamfrom* and *Egon W. Peck* of counsel, all of Milwaukee, and oral argument by *Mr. Peck.*

---

* Motion for rehearing denied, without costs, on September 9, 1947.

For the respondent there was a brief by *Padway, Goldberg & Previant* of Milwaukee, and oral argument by *David Previant*.

FOWLER, J.   In this case the Amalgamated Local No. 806 of the United Automobile Workers of America brought an action against the Wisconsin Employment Relations Board and others to set aside an order of the board ordering said union to cease and desist from engaging in any concerted effort to interfere with production, which said order was made in proceedings upon complaint of the Trackson Company.   The union denied the charges and asserted the order to be unconstitutional and void as in violation of the commerce clause and the Fourteenth amendment to the United States constitution. The court found the union not guilty, reversed the order of the board, and dismissed a cross petition of the board for enforcement of the order.   Both the board and the Trackson Company appeal.

The acts on which the action is based are two walkouts by employees from two plants of the Trackson Company in every respect like those involved in *International Union v. Wisconsin E. R. Board,* and *Wisconsin E. R. Board v. International Union, ante,* p. 550, 27 N. W. (2d) 875, 28 N. W. (2d) 254.

In one instance the employees of the Trackson Company on the day shift by concerted action quit work during their shift and remained away until the next day and resumed work at the commencement of their shift on that day.   And the night shift on that day did not come to the plant for work on that day but resumed work at the commencement of their shift on the next day.   In the other the workmen on the night shift quit work during the hours of their shift and did not resume work until the commencement of their shift the next day, while the day shift of the next day did not report for work on that day and did not resume work until the hour for their shift to commence

work on the day following. Only a few minutes' advance notice was given the employer by the union before the walkout.

In this case the claim is made by the board and the employer, as in the other cases, that the order is valid because the stoppage of work involved was not a strike within the meaning of the word "strike" as used in the act defining "unfair labor practices." The union claims the walkouts were strikes and the order is invalid. In this case a contract existed between the union and the company, and the board claims that the walkouts were in violation of the contract and the order of the board is valid for that reason also; but as the decision here can be rested on the decision in the other cases, *supra,* that the order is valid because there was no secret ballot taken by the employees ordering a strike, and the walkouts were concerted efforts to interfere with production in violation of sec. 111.06 (2) (h), Stats., we do not consider the contract feature of the case. The board found that no secret ballot was taken by the employees of the company ordering the strike and specifically that—

"Such work stoppages were engaged in for the purpose of interfering with production of the complainant and by such interference to induce and compel the complainants to accede to the demands of the union for increased wages to be included in a new collective-bargaining agreement being negotiated between the parties.

"That it is the intent and purpose of the respondent union to continue to engage in work stoppages similar to the stoppages engaged in on April 16th and April 22, 1946, for the purpose of inducing and coercing the complainant into compliance with the demands of such respondent.

"That the employees within the collective-bargaining unit represented by the respondent union and employed by the complainant never conducted a vote of any kind at which the union was directed to call a strike and that no strike had been called by the respondent union, nor the employees of the Trackson Company against the company at any time."

The findings of fact are supported by the evidence. A conclusion of law arrived at by the board is—

"That the respondent, United Automobile Workers of America, Amalgamated Local No. 806, affiliated with the American Federation of Labor, is guilty of unfair labor practices by:

"(a) Engaging in a concerted effort to interfere with production in a manner other than by leaving the premises in an orderly manner for the purpose of going on strike."

The board ordered that the union shall—

"Immediately and at all times hereafter while this order is in effect, cease and desist from engaging in any concerted effort to interfere with production by arbitrarily calling union meetings and inducing work stoppages during regularly scheduled working hours, or engaging in any other concerted effort to interfere with the production of the complainant except by leaving the premises in an orderly manner for the purpose of going on strike;"

and that the union take appropriate affirmative action as to posting notices. The statute found violated is sec. 111.06 (2) (h). The same constitutional questions are here raised as in the other cases, *supra*. The opinion in those cases is referred to as covering the issues here involved.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with instructions to enter judgment confirming the order of the Wisconsin Employment Relations Board and making suitable provisions for its enforcement.

The following memorandum was filed July 1, 1947:

WICKHEM, J. (*dissenting*). I dissent for reasons stated in the dissenting opinion filed in *International Union v. Wisconsin E. R. Board, ante*, p. 550, 27 N. W. (2d) 875, 28 N. W. (2d) 254.

I am authorized to state that Mr. Chief Justice ROSENBERRY and Mr. Justice RECTOR join in this dissent.